**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CR-82-CRS**

**UNITED STATES OF AMERICA,**                                                                 **Plaintiff,**

**v.**

**PABLO VEGA MORATA,**                                                                         **Defendant.**

**MEMORANDUM OPINION AND ORDER**

On October 26, 2015, the undersigned Magistrate Judge conducted an evidentiary hearing on the motion to suppress ("Motion to Suppress") (DN 33) filed by Defendant Pablo Vega Morata ("Defendant"). The suppression hearing was limited to the issue of the admissibility of statements made by Defendant in connection with the execution of a search warrant at his residence and his subsequent arrest. (DN 56.) At the suppression hearing, counsel for Defendant requested that the United States produce to Defendant an unredacted copy of a report prepared by a law enforcement officer. The parties disagree as to whether the United States is required, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, to produce the unredacted report to Defendant. The Court conducted an *in camera* review of the report in order to rule on this issue. For the following reasons, the Court concludes that Defendant's oral motion for production of the unredacted version of the report must be DENIED.

**BACKGROUND**

During the October 26, 2015 hearing on Defendant's Motion to Suppress (DN 33), a dispute arose as to whether the United States is required to produce to Defendant, pursuant to Fed. R. Crim. P. 26.2 and the Jencks Act, an unredacted report prepared by a law enforcement

officer.[1] The report in question was prepared by DEA Special Agent Brian Bester ("SA Bester") on September 21, 2014; the report states that it is in regard to an "interview with [Defendant] Pablo Vega Morata on 8-22-14." Special Agent Magin Sacasas ("SA Sacasas") of Homeland Security Investigations testified at the suppression hearing that he was present for and participated in the interrogation of Defendant. SA Sacasas further testified that although the report at issue was prepared by SA Bester, SA Sacasas agreed with the contents of the report.

Counsel for Defendant moved for production of SA Bester's unredacted report pursuant to Rule 26.2 and the Jencks Act. The United States objected, arguing that it is not required to produce the unredacted report. The Court took a short recess to conduct an *in camera* review of the unredacted and redacted versions of the report. When the hearing resumed, SA Sacacas was asked whether he had reviewed the unredacted version of SA Bester's report. He testified that he had only seen the redacted version. The Court stated that it would take the issue under advisement and decide it by subsequent written order. This is that order.

## DISCUSSION

The Court's task at this juncture is to determine whether Defendant is entitled to review the unredacted version of SA Bester's report pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act. Rule 26.2 sets forth the standard under which a party may be required to produce a witness statement for another party's review and use. In pertinent part, the rule provides as follows:

---

[1] It is worth noting that before the suppression hearing concluded, the Court determined that the United States need not, pursuant to Rule 26.2 and the Jencks Act, produce to Defendant an unredacted version of another report. This report was prepared by Drug Enforcement Administration ("DEA") Special Agent Jennifer Traud ("SA Traud"). The United States produced a redacted version of the report to Defendant. As this issue has been resolved, the instant memorandum opinion and order does not address SA Traud's report.

> (a) Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a). "If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party." *Id.* at (b). If, however, there is a dispute as to whether the statement contains privileged information or "does not relate to the subject matter of the witness's testimony, the court must inspect the statement *in camera* . . . [and, a]fter excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party."[2] *Id.* at (c).

As the Sixth Circuit has noted, "[t]he Advisory Committee Notes reveal that Rule 26.2 was intended to provide a counterpart to the Jencks Act, 18 U.S.C. § 3500, thereby enabling both parties in a criminal trial to obtain the prior statements of witnesses." *United States v. Webster*, 1990 U.S. App. LEXIS 16786, *7 (6th Cir. 1990); *see id.* at *7 n.2 ("The Jencks Act requires the court, on motion of the defendant, to order the government to produce any statement of a prosecution witness relating to the subject to which the witness has testified on direct examination.") (citing 18 U.S.C. § 3500(b)). Consistent with Rule 26.2(c) and the Jencks Act, the Court conducted an *in camera* review of SA Bester's report. *See* Fed. R. Crim. P. 26.2(c) (as quoted *supra*, requiring *in camera* review of statement if dispute exists as to whether the statement relates to the witness's testimony); 18 U.S.C. § 3500(c) ("If the United States claims that any statement ordered to be produced under this section contains matter which does not

---

[2] Subsection (c) further provides that if the defendant objects to an excision, the court must preserve the entire statement, indicating the excised portion, under seal, as part of the record. *See* Fed. R. Crim. P. 26.2(c).

relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court *in camera*.").

In this case, the United States concedes that SA Bester's redacted report constitutes a "statement" as defined in Rule 26.2. *See* Fed. R. Crim. P. 26.2(f)(1) ("As used in this rule, a witness's 'statement' means . . . a written statement that the witness makes and signs, *or otherwise adopts* or approves") (emphasis added). Here, SA Sacacas testified that he was present for and participated in the August 22, 2014 interrogation of Defendant. He further testified—notwithstanding some apparent confusion over the use of the term "adopted"--that he agreed wholly with SA Bester's report on that interrogation. Following the Court's *in camera* review of SA Bester's report, the hearing resumed in order to allow a few additional questions for SA Sacasas. SA Sacasas testified that he has only reviewed the redacted version of SA Bester's report; he has not seen the unredacted version.[3]

Having conducted an *in camera* review of SA Bester's report and considered it in light of both SA Sacacas's testimony at the October 26, 2015 suppression hearing and relevant legal precedent, the Court concludes that the United States is *not* required, pursuant to Rule 26.2 and the Jencks Act, to produce to Defendant an unredacted copy of SA Bester's report. SA Sacasas testified unequivocally and without contradiction that he has never seen an unredacted version of SA Bester's report. Accordingly, the Court concludes that SA Sacacas cannot be deemed to have adopted SA Bester's unredacted report; but rather has adopted only the redacted version. It follows, then, that under the specific circumstances of SA Sacacas's testimony and the oral motion made by Defendant during the October 26, 2015 suppression hearing, only the redacted

---

[3] SA Sacasas testified before the recess that he did not review SA Bester's report until the week before the October 26, 2015 hearing, despite the report having been completed on September 21, 2014, over one year earlier.

version of SA Bester's report constitutes a "statement" pursuant to Rule 26.2.  The Court is unable to locate any case law that is precisely on point, that is, addressing the issue of whether the government is compelled to produce an unredacted statement where its witness has reviewed and adopted only a redacted version of such statement.  Nevertheless, looking closely at the definition of "statement" in Rule 26.2(f)(1), the Court cannot conclude that the unredacted report is a "statement" under the particular circumstances surrounding SA Sacacas's testimony at the October 26, 2015 suppression hearing.  SA Sacacas cannot be deemed to have adopted the redacted portions of SA Bester's report, when SA Sacacas has only reviewed the redacted version of the report.  As the United States has conceded that (a) the redacted report is a "statement" for purposes of Rule 26.2 and the Jencks Act; and (b) the redacted report "relates to" the testimony of SA Sacacas, the Court need not engage in any further analysis at this time.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendant's motion, made orally at the suppression hearing of October 27, 2015, for the Court to require the United States to produce to him a copy of the unredacted report prepared by SA Bester, is **DENIED**.

(2) The evidentiary hearing on Defendant's Motion to Suppress (DN 33) is **DEEMED TO HAVE CONCLUDED** on October 26, 2015 and will not be continued on a later date.

(3) The United States and Defendant shall file POST-HEARING BRIEFS.  Both parties' post-hearing briefs shall be filed **no later than thirty (30) days** after the filing of the

official transcript of the October 26, 2015 suppression hearing. Responses and replies will not be accepted.

**IT IS FURTHER ORDERED** that the unredacated version of the reports shall be filed **UNDER SEAL**.

cc: Counsel of record