UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA                                             PLAINTIFF


v.                                          CRIMINAL ACTION NO. 3:14CR-82-CRS


PABLO VEGA MORATA                                                    DEFENDANT


## MEMORANDUM OPINION AND ORDER


  This matter is before the court on motion of the defendant, Pablo Vega Morata, for an order dismissing the indictment against him for violation of his right to a speedy trial.

  The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* ("the Act"), "requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs." *United States v. Jenkins,* 92 F.3d 430, 438 (6th Cir. 1996); 18 U.S.C. §§ 3161(c)(1); 3162(a)(2).  The seventy-day period is not absolute.  The Act authorizes periods of time which are excludable, either as expressly stated in the Act or by a finding of the trial court that the interests of justice warrant such exclusion.  Excludable delays permit the extension of the seventy day "try by" period, but such extensions are not without limitation. Morata contends that there has been impermissible delay in bringing his case to trial and that dismissal of the indictment is therefore mandated.

The defendant was arrested on a criminal complaint and initially appeared on August 22. 2014. Morata was released on a $50,000.00 unsecured bond at that time.  He was indicted on September 3, 2014 and arraigned on the charge on September 15, 2014. His conditions of release were modified and work release was authorized in late 2014.   However, after a second bond revocation proceeding in July, 2015, Morata's bond was revoked and he was remanded to custody pending trial.  He remains in custody to date.

In May of 2015, Morata filed a motion to suppress evidence which, despite being filed out-of-time, was referred to the United States Magistrate Judge for any necessary hearing, and for report and recommendation as to disposition.[1]   The magistrate judge held a suppression hearing in October, 2015 and ordered the filing of post-trial briefs which were timely filed on December 2, 2015.  As no report and recommendation has been issued, Morata filed the present motion seeking dismissal of the indictment.

As the suppression matter has been under advisement well beyond the thirty-day period and the defendant has not been brought to trial, the court must dismiss the indictment and release the defendant from custody for this charge forthwith. *"Regardless of whether a motion requires a hearing or not*, after the court receives all the information necessary to decide a motion, a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.' 18 U.S.C. § 3161(h)(1)(J)." *Jenkins*, 92 F.3d at 439 (emphasis in original), *citing United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988); *United States v. Moran*, 998 F.2d 1368, 1371 (6th Cir. 1993).  However, the court has been informed that the defendant is presently

---

[1] We note that the seventy-day speedy trial clock had already expired by the time of the filing of the motion to suppress.  During the period of time between his arraignment and the filing of the suppression motion, Morata remained on bond and work release.  The parties jointly moved for remand of the trial date and for an extension of time to complete discovery.  Neither Morata nor the United States moved for a trial date, nor did Morata file a motion for dismissal on the ground of a speedy trial violation. Instead, the defendant chose to seek suppression of certain evidence.

- 2 -

subject to an immigration detainer.  The detainer was lodged against Morata on October 28, 2015.

The United States urged that it is not clear in the Sixth Circuit whether the thirty-day limitation on the "under advisement" period applies to motions referred to a magistrate judge. The United States freely admits, however, that courts which have directly addressed this point have found that magistrate judges are bound by the thirty-day limitation.

Among the cases cited by the United States is *United States v. Mers*, 701 F.2d 1321 (11th Cir. 1983) whose logic was found by Judge Bertelsman in the Eastern District of Kentucky to be "irrefutable."  *United States v.* Fogarty, 710 F.Supp. 1126, 1128 (E.D.Ky. 1989).  In *Mers*, the 11th Circuit Court of Appeals held that the Speedy Trial Act permits a period of thirty days for a magistrate judge to take a matter under advisement in order to generate a report and recommendation, and that subsequently, upon submission of all necessary materials to the district court, an additional thirty days is available for the district court to take the recommendation under advisement for disposition. 701 F.2d at 1337-39.  Judge Bertelsman agreed with the defendant in *Fogarty* that only thirty of the forty-five days the magistrate judge took to file his report and recommendation were excludable, as any period in excess of thirty days is not a "prompt" disposition of the motion under the statute.  710 F.Supp. at 1128.

The United States makes the further argument that, as the magistrate judge has not yet rendered findings and recommendation in this case, and as the trial court must make a final ruling on suppression matters, "this court can find that Morata's motion to suppress is not yet "actually under advisement," and the 30-day time limit under § 3161(h)(1)(H) has not begun." The court rejects this argument.  While this judge has not yet had the matter under advisement,

the motion has been pending before the magistrate judge for over eight months, in contravention of the Speedy Trial Act's limitations.

Pursuant to the provisions of 18 U.S.C. § 3162(a)(2), the court must make a determination whether the indictment should be dismissed with or without prejudice, taking into account (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.  Under this calculus, the court finds that dismissal without prejudice is appropriate in this matter.

Morata was indicted on one count for possession with intent to distribute one kilogram or more of heroin, in violation of  21 U.S.C. § 841(a)(1).   This charge carries with it a mandatory minimum ten-year prison term due to the quantity of heroin in issue.   21 U.S.C. § 841(b)(1)(A)(i).   Trafficking in heroin is clearly a serious crime, and this particular charge involves a large quantity of this controlled substance. The seriousness of this charge militates against a dismissal with prejudice.

Although Morata was indicted in September of 2014, the time period of critical importance here is the period from the filing of the suppression motion, and his remand to custody two months later, to the present date. As noted earlier in this opinion, despite the expiration of the seventy-day period prior to the filing of the motion to suppress, the defendant did not seek to enforce his right to a speedy trial at that time.  However, the defendant has now been in custody for over one year as he awaits resolution of his pretrial motion.

The matter was ripe for decision on December 2, 2015. The period of time from the filing of the motion through the authorized thirty-day advisement period which commenced after the

filing of post-hearing briefs is excludable time under the Speedy Trial Act. Thus, the Speedy Trial Act acknowledges as excludable the time while the matter was under advisement only through early January of 2016.   The delay in disposition of the suppression motion to the present date has not resulted from prosecutorial bad faith or an attempt by the United States to attain a tactical advantage.   *See United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994). Rather, the responsibility lies with the court in failing to keep the matter on track and afford the defendant a timely trial.   While neither party addressed the delay or moved for a trial date, "a defendant has no duty to bring himself to trial and has no duty to bring any delay to the court's attention." *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000).

The United States Court of Appeals in *Moss* took the trial court to task for its failure to address an almost ten-month delay in ruling on Moss' suppression motion.   There, the court found that a delay of ten months was approaching a point of presumptive prejudice.   217 F.3d at 431.   The court found the trial court's dismissal order lacking, as there was no analysis of the circumstances which resulted in the necessity of dismissal of the indictment, the defendant's ability to adequately prepare for trial, or the impact of the restrictions on the defendant's liberty, whether detained or on bond.   217 F.3d at 431-32.

There has been an approximately eight-month delay in this case.   While the *Moss* court noted "almost presumptive prejudice" in a ten-month delay, we note here that Morata himself has not articulated any prejudice to his ability to prepare for trial, nor has he identified any disruptions of the sort mentioned in *Moss* resulting from restrictions on his liberty.

We think it important to note that the revocation of Morata's bond resulted from various violations of his conditions of release, including a positive drug test and a misdemeanor drug possession.   While he is entitled to a speedy trial to resolve the charges, and the delay in affording him that timely trial mandates dismissal of the indictment, Morata's own actions while on bond resulted in the custody order and any impact on his ability to remain gainfully employed pending trial.

Further, in *Moss*, there was no immigration detainer lodged against the defendant.  This court need not attempt to predict the outcome of any immigration proceedings.  It is sufficient for our purposes to conclude that, in contrast to *Moss*,  the placing of a detainer against the defendant in this case clearly lessened the impact on the defendant's liberty due particularly to delay in resolution of this criminal case.  *See Moss,* 217 F.3d at 432 (noting that the district court failed to address disruption of employment, drain of financial resources, curtailment of associations, public obloquy, and anxiety).

The court concludes, therefore, that taken as a whole, the facts and circumstances leading to dismissal of the indictment do not warrant a prejudice dismissal.  In light of the defendant's failure to articulate any particular prejudice, but rather noting only the time he has been in custody, and given the grounds for revocation of release and the detainer lodged against him, we cannot identify an impact of the delay under these circumstances that would warrant a prejudice dismissal.

The third and final factor the court must address is the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice.  While the court noted in *Moss* that "the purpose of the Act would be thwarted if courts do not adjust their day-to-

day procedures to comply with its requirements," 217 F.3d at 432, it also noted that not every violation of the Act warrants dismissal with prejudice. *Id.* In the instant case, there is no prosecutorial misconduct which would be discouraged by entry of a prejudice dismissal. While the court's failure to meet the Act's requirements unquestionably adversely affects the administration of justice, this court must look to the record of this case as a whole, as did the court in *Moss,* 217 F.3d at 433, in evaluating the propriety of a prejudice dismissal to serve the public interest and the purpose of the Act.

As noted in *United States v. Taylor*, 487 U.S. 326, 342 (1988), "the Act does not require dismissal with prejudice for every violation. Dismissal with prejudice is not a toothless sanction…If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution." While the interest in fostering "salutary changes in procedures, reducing pretrial delays," *Id.,* is an important one, in the final analysis, the court finds that the balance of factors in this case tips in favor of a dismissal without prejudice.

The seriousness of the offense coupled with this court's evaluation of the circumstances surrounding the delay and the failure of the defendant to articulate any particular prejudice to his trial preparation or to his life circumstances outweigh the policy considerations underlying the enactment of the Speedy Trial Act. The court thus concludes that the indictment herein should be dismissed without prejudice.

Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Pablo Vega

- 7 -

Morata, to dismiss the indictment (DN 66) is **GRANTED**, and the Indictment herein is **DISMISSED WITHOUT PREJUDICE** and the defendant is **DISCHARGED FROM CUSTODY WITH RESPECT TO SAID INDICTMENT, BUT NOT WITH RESPECT TO ANY DETAINER.**

August 30, 2016

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

- 8 -